IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| Richard Weirich, | Case No. 22-4426 |
| Plaintiff, | Judge |
| v. | Magistrate Judge |
| BCT Enterprises, LLC; John Doe 1–10; Doe Corporation 1–10 | Jury Demand Endorsed Hereon |
| Defendants. | |

COMPLAINT

1. Richard Weirich brings this action against Defendants BCT Enterprises, LLC; John Doe 1–10; Doe Corporation 1–10 ("Defendants"). Plaintiff seeks appropriate monetary, declaratory, and equitable relief arising from Defendants' unlawful retaliation against Plaintiff for exercising his rights under the Fair Labor Standards Act ("FLSA") and Article II, Section 34a of the Ohio Constitution ("Section 34a").

**Jurisdiction and Venue**

2. Under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has jurisdiction over Plaintiff's FLSA claims.

3. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's Ohio law claims.

4. Venue in this Court is proper under 28 U.S.C. § 1391(b) because the parties reside in

this district, and a substantial part of the events giving rise to the claim herein occurred in this district.

## Parties

**Plaintiff**

**Richard Weirich**

5. Plaintiff Richard Weirich is a resident of Ohio and, at all material times herein, Plaintiff worked within the boundaries of Southern District of Ohio.

6. Plaintiff was Defendants' "employee" as defined in the FLSA and Section 34a.

7. Plaintiff has given written consent to join this action.

**Defendants**

8. Defendants operate several Papa John's Pizza franchises in Ohio (the "Defendants' Papa John's Pizza stores").

9. Defendants' Papa John's Pizza stores are owned and/or operated by a number of entities and individuals, each of whom employ Plaintiff and the delivery drivers.

10. Defendants operate the Defendants' Papa John's Pizza stores.

11. Defendants operate the Defendants' Papa John's Pizza stores out of their headquarters in Louisville, Kentucky.

**BCT Enterprises, LLC**

12. Defendant BCT Enterprises, LLC is an Ohio domestic limited liability company.

13. BCT Enterprises, LLC's headquarters is in Louisville, Kentucky.

14. BCT Enterprises, LLC's principal place of business is in Ohio.

15. BCT Enterprises, LLC owns and operates one or more Papa John's Pizza franchise stores in Ohio.

16. BCT Enterprises, LLC had substantial control over Plaintiff and over the unlawful policies and practices alleged herein.

17. BCT Enterprises, LLC had direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

18. At all relevant times, BCT Enterprises, LLC maintained control, oversight, and direction over Plaintiff, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

19. BCT Enterprises, LLC was an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA and Section 34a.

20. At all relevant times, BCT Enterprises, LLC has been an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

21. BCT Enterprises, LLC's gross revenue exceeds $500,000 per year.

**Doe Corporation 1–10**

22. Upon information and belief, Defendants own, operate, and control other entities and/or limited liability companies that also comprise part of the Defendants' Papa John's Pizza stores, and qualify as "employers" of Plaintiff as that term is defined by the FLSA and Ohio wage law.

23. The identities of these additional Defendants should be revealed as discovery progresses and can be named at that time.

**John Doe 1–10**

24. Upon information and belief, there are additional individuals who also qualify as "employers" of Plaintiff as that term is defined by the FLSA and Ohio wage law.

25. The identities of these additional Defendants should be revealed as discovery

progresses and can be named at that time.

## Facts

26. Plaintiff was a pizza delivery driver at the Papa John's Pizza franchise store located in Hilliard, Ohio.

27. Plaintiff worked at that store from approximately April 2, 2019, to October 24, 2022.

28. Until approximately October 2022, an entity named Johncol, Inc. owed and operated the store where Plaintiff worked.

29. On two occasions, Plaintiff filed demands for arbitration against Johncol, Inc. with the American Arbitration Association (AAA).

30. Each demand was premised on Plaintiff's allegations that Johncol, Inc. violated the Fair Labor Standards Act and Ohio's minimum wage provisions by failing to full reimburse Plaintiff for the expenses related to his use of his personal car to make deliveries for Johncol, Inc.

31. The arbitration demands were filed on January 20, 2021, and again on July 14, 2022.

32. On or about October, 2022, Defendants assumed ownership of the Defendants' Papa John's Pizza stores after purchasing them from Johncol, Inc.

33. On October 23, 2022, a shift manager, informed Plaintiff that the stores had been sold and that everyone working would be keeping their jobs.

34. On October 24, 2022, Plaintiff arrived at work and was greeted by three of Defendants' executives.

35. The executives told Plaintiff that they no longer needed his services, he no longer worked there, and he should leave.

36. Upon information and belief, Defendants did not fire other delivery drivers at the

Hilliard store on October 24, 2022.

37. Defendants fired Plaintiff because he had filed arbitrations against Defendants' predecessor for unpaid wages.

38. Upon information and belief, Defendants intended to largely continue Defendants' predecessor's pay practices by reimbursing delivery drivers for amounts lower than the applicable IRS standard business mileage rate. *See, e.g.*, *Waters v. Pizza to You*, 538 F. Supp. 3d 785, 800 (S.D. Ohio 2021) (holding that employers are required to reimburse minimum wage employee delivery drivers at the IRS business mileage rate to prevent an FLSA-violating kick-back).

39. Defendants fired, discharged, retaliated, or otherwise discriminated against Plaintiff because he has asserted his FLSA and Ohio wage and hour rights by filing Arbitration Demands.

## Causes of Action

### Count 1
### Retaliation - Fair Labor Standards Act

40. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

41. As a result of the foregoing, Defendants have discharged or discriminated against Plaintiff Richard Weirich in violation of 29 U.S.C. 215(a)(3).

42. Plaintiff is entitled to any legal or equitable relief appropriate to effectuate the purposes of 29 U.S.C. § 215(a)(3), including, without limitation, compensatory damages, employment, reinstatement, payment of wages lost and an additional equal amount as liquidated damages, punitive damages, costs, and attorneys' fees.

**Count 2**
**Retaliation - Ohio Constitution, Article II, § 34a**

43. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

44. As a result of the foregoing, Defendants have discharged or discriminated against Plaintiff Richard Weirich in violation of Section 34a.

45. Plaintiff is entitled to legal or equitable relief appropriate to effectuate the purposes of Section 34a, including, without limitation, damages, employment, promotion, damages in an amount set by the Court sufficient to compensate the employee and deter future violations (but not less than one hundred fifty dollars for each day that the violation continued), costs, and attorneys' fees.

**WHEREFORE**, Plaintiff Richard Weirich prays for all of the following relief:

A. Payment of wages lost to Richard Weirich as a result of Defendants' retaliation.

B. Damages in an amount set by the Court sufficient to compensate the employee and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued.

C. All damages and equitable relief sufficient to effectuate the FLSA's purposes, including without limitation compensatory, punitive, and liquidated damages.

D. An award of prejudgment and post-judgment interest.

E. An award of costs and expenses of this action, together with reasonable attorneys' fees.

F. Such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

/s/ Andrew Biller
Andrew R. Biller (Bar No. 0081452)
Andrew P. Kimble (Bar No. 0093172)
Biller & Kimble, LLC
8044 Montgomery Road
Suite 515
Cincinnati, OH 45236
513-202-0710 (Phone)
614-340-4620 (Fax)
*abiller@billerkimble.com*
*akimble@billerkimble.com*

www.billerkimble.com

*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Andrew Biller
Andrew R. Biller
